**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERRY DALE ROADCAP,

Petitioner - Appellant,

v.

WARDEN KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO, JOHN W. SUTHERS,

Respondents - Appellees.

No. 10-1091
(D. Colo.)
(D.C. No. 1:09-CV-02633-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this panel concludes that oral

argument would not materially assist the determination of this appeal. *See* Fed. R. App.

P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

Gerry Roadcap, a Colorado state prisoner appearing pro se,[1] seeks to appeal from

the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because Roadcap

has not "made a substantial showing of the denial of a constitutional right," we deny him

a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(2). We also deny his

---

[1] We liberally construe Roadcap's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

motion to proceed *in forma pauperis* (*ifp*) on appeal.

## I.

In October 2000, a Colorado jury convicted Roadcap of second degree heat of passion murder of his wife and committing a crime of violence. He was sentenced to 27 years imprisonment. The Colorado Court of Appeals affirmed his conviction and sentence. *People v. Roadcap*, 78 P.3d 1108 (Colo. Ct. App. 2003). The Colorado Supreme Court denied review on November 3, 2003. On March 10, 2004, Roadcap filed a motion for reconsideration of his sentence, which was denied on March 11, 2004.

On February 13, 2006, represented by private counsel, Roadcap filed a motion for post-conviction relief in state court claiming, among other things, ineffective assistance of counsel. Counsel filed a supplemental motion on November 13, 2006. At some point, the state court ordered the parties to discuss arrangements for an evidentiary hearing. However, on March 10, 2008, prior to any hearing, the court granted Roadcap's counsel's motion to withdraw. Rather than rely on his attorney's pleadings, Roadcap filed a pro se petition for post-conviction relief on March 24, 2008. The court denied Roadcap's petition on March 26, 2008. The Colorado Court of Appeals affirmed in an unpublished opinion on June 18, 2009. The Colorado Supreme Court denied review on October 13, 2009.

On November 9, 2009, Roadcap filed his § 2254 petition asserting eleven claims. The district court dismissed his petition as untimely because it was filed after the one-year period of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) had already run and Roadcap was not entitled to statutory or equitable tolling.

## II.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] The district court's procedural dismissal means Roadcap must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A.    Calculation of Time under AEDPA

AEDPA states in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Crediting Roadcap with the 37 days his motion for reconsideration of his sentence was pending before the state court and the time for an

---

[2] Roadcap did not seek a COA from the district court. He filed a notice of appeal then filed an application for a COA and a motion to proceed *ifp* on appeal with this Court.

appeal of that decision, the district court concluded the statute of limitations began to run on March 21, 2004.[3] Therefore, Roadcap had until March 21, 2005, in which to file his § 2254 petition. Thus, Roadcap's § 2254 petition, filed on November 9, 2009, was untimely.

B.     Statutory Tolling

Roadcap claims the statute of limitations did not begin to run until May 2008 under § 2244(d)(1)(D). Prior to his conviction in Colorado state court, Roadcap was subject to a military proceeding based on his wife's murder which resulted in his dishonorable discharge from the military. He claims the state court "withheld" the record of these proceedings from the record on appeal. (R. Vol. I at 32.) He argues he could not have known this portion of the record was withheld until he requested the appellate transcripts to develop his post-conviction claims in May 2008. Without this knowledge, he contends, he did not know the factual predicate for his double jeopardy claim and his current ineffective assistance of trial counsel claims.

The record demonstrates otherwise. First, there is nothing in the record to indicate the state trial court "withheld" any records requested for appeal.[4] Second, Roadcap

---

[3] The 90-day period Roadcap had to file a petition for writ of certiorari to the United States Supreme Court from the denial of his motion for reconsideration of his sentence did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

[4] At trial, Roadcap's counsel successfully moved to have the military records and transcripts suppressed under several claims of privilege. As stated below, appellate counsel did not deem the double jeopardy issue sufficiently supported by the record for direct appeal. Thus, the transcripts of the military proceedings were not considered by the jury or relevant to the issues raised before the Colorado Court of Appeals.

discussed the double jeopardy claim with his counsel prior to his direct appeal and was told the record "was simply too vague as to the nature and outcome of the military proceedings." (*Id*. at 354.) Thus, the basis of his petition could have been discovered through the exercise of due diligence as of the date of judgment. Roadcap offers no reason why he could not have requested the records prior to 2008.

Roadcap also argues the limitations period should be tolled under 28 U.S.C. § 2244(d)(2) because his February 13, 2006 state post-conviction petition was timely filed under Colorado law. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). But, as the district court correctly noted, "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled."[5] *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotations omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

C.    Equitable Tolling

We review a district court's decision to deny equitable tolling for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Equitable tolling applies only in "rare and exceptional circumstances." *Laurson v. Leyba*, 507 F.3d 1230,

---

[5] Roadcap also claims the AEDPA deadline should be tolled because the Colorado courts have not decided the post-conviction motions filed by his former attorney. However, those motions were also filed after the AEDPA deadline had passed.

1232 (10th Cir. 2007) (quotations omitted). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted).

Roadcap contends he is actually innocent of his wife's murder. He bases his claim primarily on the coroner's report which estimated the time of his wife's death at 1:30 p.m. It is uncontested Roadcap was in custody for the murder earlier that day.[6] However, as the district court correctly found, "he fail[ed] to demonstrate that he pursued his actual innocence claim diligently." (R. Vol. I at 538.) He was aware of this evidence long before he filed his petition for post-conviction relief in state court in 2006 but did not pursue any post-conviction remedies prior to the time the period of limitations expired.

D.     Motion to Proceed *In Forma Pauperis*

Roadcap filed a motion to proceed *ifp* on appeal with the district court. It denied his motion, finding the appeal "is not taken in good faith." (R. Vol. I at 547.) He renews his motion here. To proceed *ifp* on appeal "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*,

---

[6] At trial, Roadcap claimed he killed his wife only in self-defense and in defense of his child. He did not claim he had not killed his wife. In his state petition for post-conviction relief, he argued his counsel was ineffective because she failed to argue actual/factual innocence because the resuscitation efforts on his wife could have caused asphyxiation. His argument did not mention the time of death he relies on now.

937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California,* 386 U.S. 738, 744 (1967).  We have liberally reviewed Roadcap's motion to proceed *ifp*, his application for a COA (with accompanying brief) and the district court record.  His arguments are contrary to settled law and he makes no reasoned argument for modification of that law.  In short, he has not presented a reasoned, non-frivolous argument in support of the issues raised on appeal.

We **DENY** Roadcap's motion to proceed *ifp* on appeal.  He must immediately pay the filing and docket fees in full.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

We **DENY** Roadcap's request for a COA and **DISMISS** this matter.


**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge