FILED
United States Court of Appeals
Tenth Circuit

December 6, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VICTOR LOPEZ,

        Petitioner–Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents–Appellees.

No. 10-1088
(D.C. No. 1:09-CV-01551-ZLW)
(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

      Petitioner, a Colorado state prisoner, seeks a certificate of appealability to
appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. After a
jury trial, Petitioner was convicted on rape charges and sentenced to a lengthy
term of imprisonment. Following unsuccessful efforts to challenge his conviction
and sentence in the state courts, he filed his federal habeas petition, which raised
twenty-four claims for relief. The district court dismissed three of his claims for
the failure to raise a valid constitutional claim for relief, as these claims related
only to alleged errors that occurred in state post-conviction proceedings. The

court dismissed the remaining claims as time-barred, finding that the petition had been filed outside the one-year limitations period and that Petitioner had not demonstrated that he was entitled to equitable tolling. In his application for a certificate of appealability and his opening brief, Petitioner argues that the court erred in concluding that three of his claims did not state a valid claim for habeas relief, failed to properly calculate the limitations period, and erred in refusing to apply equitable tolling based on Petitioner's actual innocence.

Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("Moreover, because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). Nor do we see any error in the court's calculation of the limitations period; the various letters and motions Petitioner relies on to toll the limitations period were not "properly filed" pursuant to the state's procedural requirements. *See Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) ("A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading.").

As for Petitioner's equitable tolling argument, the district court concluded that Petitioner was not entitled to equitable tolling because he had not demonstrated that he diligently pursued his claim of actual innocence. For

support, the district court cited to two Tenth Circuit cases in which the petitioners did not raise an actual innocence argument, but instead argued that equitable tolling was warranted based on the petitioners' alleged lack of access to legal materials during the limitations period. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("Moreover, Mr. Miller does not contend, for example, that a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent."). The district court also cited to *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000), in which we explained:

> AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.

*Id.* at 808 (internal quotation marks and citations omitted).

Several of our unpublished cases have interpreted this language not only to mean that a petitioner must show due diligence in pursuing federal habeas claims when he filed a defective pleading or was prevented from filing by uncontrollable circumstances, but also to mean that an actual innocence claim cannot support equitable tolling unless the petitioner establishes that this claim of innocence was

diligently pursued. *See, e.g.*, *Roadcap v. Milyard*, 381 F. App'x 859, 862 (10th Cir. 2010); *Colbert v. Scott*, 18 F. App'x 766, 767-68 (10th Cir. 2001). Nevertheless, as we recently noted, this court has never definitively settled the role of diligence in actual-innocence cases. *See Robinson v. Ledezma*, 2010 WL 4159461, at *4 (10th Cir. Oct. 14, 2010). "We have yet to decide, for instance, whether a defendant who has demonstrated actual innocence must nevertheless serve the rest of his sentence—possibly the rest of his life—in prison for a crime he did not commit simply because he cannot persuade a court that he acted with sufficient diligence in raising the issue." *Id.*

In the context of claims that are defaulted based on state procedural rules, the Supreme Court has held that these claims will not be considered "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added) (internal quotation marks and citations omitted). Thus, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Similarly, in the context of second and successive petitions, the Supreme Court recognized the miscarriage of justice exception to permit a petitioner asserting a

-4-

claim of actual innocence to avoid a procedural bar without a showing of cause and prejudice. *See Schlup v. Delo*, 513 U.S. 298, 317-21, 327 (1995).

Consistent with this Supreme Court precedent, we have indicated in certain unpublished cases that the actual innocence ground for equitable tolling falls under the fundamental miscarriage of justice exception, while the other reasons for equitable tolling—uncontrollable circumstances preventing a petitioner's filing, despite his diligent efforts, or the petitioner's filing of a defective petition, despite his active pursuit of judicial remedies—provide an excusable cause for the failure to timely file. *See, e.g.*, *Riley v. Snider*, 2000 WL 231833, at *2 (10th Cir. 2000) (considering separately whether the petitioner "diligently pursued his petition or was prevented from doing so by an extraordinary obstacle" and whether the petitioner's claim of actual innocence satisfied the fundamental miscarriage of justice exception).

We now expressly hold that, in the equitable tolling context as in the contexts discussed by the Supreme Court in *Coleman* and *Schlup*, a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier. We thus reject the reading of our precedent that would require a habeas petitioner seeking equitable tolling on actual innocence grounds to demonstrate that he diligently pursued his actual innocence claim. Where a petitioner's equitable tolling

-5-

argument relies on cause and prejudice, such as the petitioner's argument in *Miller* that he lacked access to applicable statutes, he must demonstrate that he diligently pursued his federal claims as part of his showing of cause for the delay in filing. Where, however, a petitioner argues that he is entitled to equitable tolling because he is actually innocent, this argument is premised on the same fundamental miscarriage exception that was discussed by the Supreme Court in *Schlup* and *Coleman*, and as such the petitioner need make no showing of cause for the delay. We stress that this actual innocence exception is rare and will "only be applied in the extraordinary case." *Schlup*, 513 U.S. at 321 (internal quotation marks omitted). Nevertheless, where such an extraordinary case exists, the lack of a showing of due diligence in pursuing claims should not prevent the equitable tolling of the statute of limitations for a petitioner who has presented a substantial claim of actual innocence. We thus hold that the district court erred in rejecting Petitioner's actual innocence claim based simply on his failure to show that he diligently pursued this claim. We also conclude that reasonable jurists might find Petitioner's claim of actual innocence—supported by an affidavit from the victim recanting her trial testimony and averring that the sex was consensual—sufficient under *Schlup* to warrant equitable tolling and overcome the procedural barrier posed by the limitations period.

However, in order to be entitled to a certificate of appealability, Petitioner must demonstrate both that reasonable jurists would debate the correctness of the

district court's procedural ruling and that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). After thoroughly reviewing Petitioner's arguments and the record on appeal, we conclude that reasonable jurists would not find it debatable whether any of Petitioner's numerous substantive claims state a valid ground for habeas relief. Several of these claims relate to evidentiary rulings by the state court, which we will not disturb unless the court's error was "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Williamson v. Ward*, 110 F.3d 1508, 1522 (10th Cir. 1997). We conclude that reasonable jurists would not debate whether the errors alleged by Petitioner meet this standard. Nor would reasonable jurists debate whether the alleged instances of prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994), or whether the alleged deficiencies in Petitioner's representation meet the familiar two-part standard laid out in *Strickland v. Washington*, 466 U.S. 688 (1984). Others of Petitioner's claims present only state law issues that are not

cognizable under § 2254. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir. 1990). Finally, because we conclude that reasonable jurists would not debate whether any of these allegations state a valid constitutional claim for relief, we likewise see no constitutional error in the state courts' rejection of these various arguments in the proceedings before them.

We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion to proceed *in forma pauperis*. All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge