FILED
United States Court of Appeals
Tenth Circuit

August 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY HILL,

      Petitioner - Appellant,

v.

GREG WILLIAMS, Warden;
ATTORNEY GENERAL OF
OKLAHOMA,

      Respondents - Appellees.

No. 11-6120
(D.C. No. 5:11-CV-00194-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Jeremy Hill's application for a certificate of appealability ("COA") requires him to

show his untimely habeas petition can be saved through equitable tolling. He attempts to

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

do so by claiming his trial lawyer's ineffectiveness prevented the jury from receiving exonerating evidence in his Oklahoma district court trial for first degree murder.

After his conviction, Mr. Hill was sentenced to life without parole. His conviction was affirmed on January 11, 2000. He waited until September 5, 2003, to file for post-conviction relief in state district court. *Hill v. Williams,* No. CIV-11-194-R, 2011 WL 1584609, at \*1 (W.D. Okla. Apr. 5, 2011). As a result, he missed both the one-year deadline to petition for federal habeas relief and the opportunity to toll that deadline with a state post-conviction challenge. *See* 28 U.S.C. § 2244(d).

The district court dismissed his 28 U.S.C. § 2254 habeas petition as untimely and as having no basis for equitable tolling. *Hill v. Williams,* No. 5:11-CV-194-R, 2011 WL 1575374, at \*1 (W.D. Okla. Apr. 26, 2011). We review that ruling for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Equitable tolling is available "only in rare and exceptional circumstances," which include actual innocence. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted).

In the district court, Mr. Hill did not explicitly assert actual innocence, but arguably did so implicitly through his assertion that ineffective assistance of counsel prevented the presentation of exculpatory evidence. This argument is insufficient for a COA.

A "colorable claim of factual innocence" sufficient to allow equitable tolling requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at

-2-

trial." *Schlup v. Delo,* 513 U.S. 298, 322, 324 (1995) (quotation omitted); *see also Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010) (an actual innocence claim must be "sufficiently supported" for equitable tolling).   It is not clear that the allegedly exculpatory evidence Mr. Hill describes is new or reliable.  But even assuming it is both, Mr. Hill has not shown "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," which is his burden when seeking equitable tolling based on actual innocence.  *See Schlup,* 513 U.S. at 327.  Nor has he shown that "reasonable jurists would debate the correctness of the district court's procedural ruling," which he must do for a COA.  *Lopez,* 628 F.3d at 1231.

We DENY the application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-3-