**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS THAMES, JR.,

      Petitioner–Appellant,

v.

ARVIL CHAPMAN; JOHN SUTHERS,
The Attorney General of The State of
Colorado,

      Respondents–Appellees.

No. 11-1533
(D.C. No. 1:11-CV-00436-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

      Douglas Thames requests a certificate of appealability ("COA") to appeal the

dismissal of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the

appeal.

---

      [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Thames was convicted in Colorado state court of first-degree murder. The Colorado Court of Appeals subsequently affirmed his conviction on direct appeal, and the Colorado Supreme Court denied certiorari on May 17, 1999. On December 23, 1999, Thames filed a petition for state post-conviction relief. Following several supplemental post-conviction motions and the appointment of counsel, the state court denied relief. That ruling was affirmed on appeal. The Colorado Supreme Court denied certiorari for the post-conviction petition on January 19, 2010.

On February 22, 2011, Thames filed a motion seeking to extend the deadline for filing a § 2254 petition. He filed his actual § 2254 petition on March 31, 2011. In a pre-answer response, respondents Arvil Chapman and John Suthers argued that the petition was time-barred. Thames countered that his petition should be entitled to equitable tolling of the limitations period because he is actually innocent. After ordering additional briefing on the issue of actual innocence, the district court dismissed Thames' habeas petition as untimely.

**II**

Thames may not appeal the district court's denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA only if Thames can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Section 2254 petitions generally must be filed within one year from the date a conviction becomes final. See § 2244(d)(1)(A). However, the "time during which a properly filed application for State post-conviction or other collateral review" does not count toward the limitations period. § 2244(d)(2). Thames' conviction became final on August 16, 1999, when the deadline to file a petition for certiorari to the United States Supreme Court expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The clock then ran for 129 days before Thames sought state post-conviction relief. Those post-convictions proceedings tolled the limitations period until January 19, 2010, when relief was denied. Thames' limitations period expired 236 days later, on September 13, 2010. His first federal court filing was made on February 22, 2011, several months late.

Thames argues that he is entitled to equitable tolling of the limitations period because he is actually innocent of his crime of conviction. "[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230 (10th Cir. 2010). A petitioner claiming actual innocence must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). And in light of this evidence, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

We agree with the district court that Thames has not cleared this high hurdle. Thames relies primarily on two claims to support his assertion of actual innocence. First, he argues that his DNA sample was mislabeled and switched with that of another suspect. He points to a letter sent from the FBI to local investigators in 1990 that excluded seven potential suspects, listed in the letter as specimens "K1" through "K7." In 1992, the FBI sent a supplemental letter ruling out two additional individuals, denominated as "K8" and "K9." In 1995, investigators obtained a blood sample from Thames and the FBI concluded it matched the DNA profile of a sample found at the crime scene. In reporting this conclusion, the FBI referred to Thames' sample as "K8" despite its use of that signifier for a different suspect in the supplemental 1992 letter.

These letters do not show that the FBI switched Thames' blood sample with that of another suspect or that Thames is actually innocent. As the district court explained, Thames' theory does not withstand scrutiny. The FBI excluded the two individuals referenced in the 1992 letter. Had Thames' sample been switched with one of those individuals when his sample was tested several years later, the test would not have shown a match. The FBI did not have Thames' sample when it excluded the two individuals in 1992. Accordingly, it cannot be the case that Thames would have been excluded at that

time but for a lab error. In any event, the FBI was only one of three laboratories that independently matched Thames' DNA profile to evidence found at the scene of the crime. Thames does not challenge the results of DNA testing conducted by the Colorado Bureau of Investigation or Cellmark Laboratories, which produced results inconsistent with his swapped samples theory.

In addition to his claims regarding DNA, Thames argues that investigators falsified evidence. He points to a search warrant affidavit drafted in 1989 that states samples gathered from the crime scene indicated the perpetrator had a blood type of O, non-secretor. A 1995 narrative report also references "no secretor" test results. The evidence submitted at trial, however, uniformly indicated that these samples were O type, secretor—consistent with Thames' blood type. We agree with the district court that these two scattered references are most likely simple errors. As noted above, substantial DNA evidence conducted by several different laboratories implicated Thames as the perpetrator. Thames' theory that local law enforcement officials conspired with individuals at three different laboratories to falsify evidence is not compelled by the evidence he has submitted.

Thames also argues generally that police mishandled evidence, failed to properly document chain of custody, and committed perjury. However, none of his assertions satisfy the actual innocence standard. Thames has not produced evidence that would compel any reasonable jurist to conclude that he is actually innocent. See Schlup, 513

- 5 -

U.S. at 324.  Accordingly, the district court's dismissal of his habeas petition as time-barred was proper.

## III

For the foregoing reasons, we **DENY** Thames' request for a COA and **DISMISS** the appeal.  We **GRANT** his motion to proceed in forma pauperis.


Entered for the Court


Carlos F. Lucero
Circuit Judge