FILED
United States Court of Appeals
Tenth Circuit

December 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VICTOR LOPEZ,

               Petitioner - Appellant,

v.

TRAVIS TRANI, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

               Respondents - Appellees.

No. 12-1286

D. Colorado

(D.C. No. 1:09-CV-01551-LTB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

In 2000, Colorado state prisoner Victor Albert Lopez was convicted of multiple offenses, including first degree sexual assault. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010). Lopez raised numerous challenges to his convictions in both state and federal court. *Id.* In 2010, he filed a 28 U.S.C. § 2254 habeas petition which the United States District Court for the District of Colorado dismissed as untimely. Although Lopez argued he was entitled to equitable tolling because he is actually innocent, the district court concluded dismissal was proper because he did not diligently pursue this basis for tolling. *See Lopez v. Trani*, No. 09-cv-01551, 2010 WL 454804, at *6 (D. Colo. Feb. 9,

2010) (unpublished order of dismissal). Lopez sought a certificate of appealability from this court. We held the district court erred by requiring Lopez to show he diligently pursued his claim of actual innocence. *Lopez*, 628 F.3d at 1230-31 ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, this argument is premised on the same fundamental miscarriage exception that was discussed by the Supreme Court in [*Schlup v. Delo*, 513 U.S. 298 (1995)] and [*Coleman v. Thompson*, 501 U.S. 722 (1991)], and as such the petitioner need make no showing of cause for the delay."). Despite this resolution of Lopez's equitable tolling argument this court refused to grant him a certificate of appealability, concluding his § 2254 petition did not state a valid constitutional claim for relief. *Id*. at 1231-32.

Lopez then filed a Fed. R. Civ. P. 60(b) motion with the United States District Court for the District of Colorado, seeking consideration of the merits of the claims raised in his previously dismissed § 2254 petition in light of this court's ruling on the equitable tolling issue. The district court denied the motion, correctly noting this court also concluded none of the claims Lopez raised in his § 2254 petition "state a valid ground for habeas relief."

Lopez now seeks a certificate of appealability ("COA") to challenge the district court's denial of his Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding a COA is required to appeal the denial of Rule 60(b) relief from a habeas judgment). To be entitled to a COA, Lopez must

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Lopez has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338; *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (reviewing the denial of a Rule 60(b)(6) motion for abuse of discretion). Although Lopez need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 336 (quotations omitted).

This court has reviewed Lopez's appellate brief and application for COA, the district court's order dated July 11, 2012, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and

concludes Lopez is not entitled to a COA. Accordingly, we **deny** his request for a

COA and **dismiss** this appeal. Lopez's motion to proceed *in forma pauperis* on

appeal is g**ranted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge