FILED
United States Court of Appeals
Tenth Circuit

August 5, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JEFFREY JAMES FULLER,

Petitioner–Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming Department of Corrections
Honor Farm; THE WYOMING
ATTORNEY GENERAL,

Respondents–Appellees.

No. 12-8065
(D.C. No. 2:12-CV-00010-CAB)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Jeffrey James Fuller seeks relief under 28 U.S.C. § 2254 from his Wyoming

state conviction for felony destruction of property in violation of Wyo. Stat. § 6-3-

201(a) and (b)(iii).  The district court dismissed his petition.  We granted Fuller a

certificate of appealability ("COA") on four of the six claims raised in his petition

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and therefore have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  See Hooks v.

Workman, 606 F.3d 715, 719 n.2 (10th Cir. 2010).  We affirm.

**I**

On July 1, 2008, Fuller drove his pickup truck into the closed garage door of a

house he rented, knocking his wife's car, which was parked inside, through the back

wall of the garage.  Fuller was charged with three counts of felony property

destruction.  The jury convicted Fuller of one count, and he was sentenced to five to

eight years' imprisonment.  Fuller appealed, raising only one argument:  that the

statute of conviction was ambiguous and should be construed in Fuller's favor.  The

Wyoming Supreme Court rejected this argument.

Fuller filed a pro se petition for post-conviction relief in state court, which was

dismissed for non-compliance with state procedural rules.  The Wyoming Supreme

Court summarily denied Fuller's petition for writ of review.  Fuller then filed a

§ 2254 petition in federal district court.  The court rejected the petition, concluding

that Fuller's claims either were procedurally defaulted on account of the state

procedural bar, or were unreviewable under § 2254 because they were questions of

state law.

Fuller then filed this appeal and a motion for a COA, arguing that the district

court's dismissal was erroneous.  We granted COA on four of Fuller's claims.  We

now grant COA on one additional claim and affirm the dismissal of Fuller's habeas

-2-

petition; however, we do so on other grounds than those relied on by the district court.

## II

"In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law de novo." Crawley v. Dinwiddie, 584 F.3d 916, 919 (10th Cir. 2009) (quotation omitted). In addition, "we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." Harman v. Pollock, 586 F.3d 1254, 1259 (10th Cir. 2009) (quotation omitted). Because Fuller appears pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

"Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Fairchild v. Workman, 579 F.3d 1134, 1141 (10th Cir. 2009) (quotation omitted). "[I]neffective assistance of counsel on direct appellate review could amount to 'cause,' excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim" on direct appeal. Trevino v. Thaler, 133 S. Ct. 1911, 1917 (2013) (emphasis in original).

The state court dismissed Fuller's post-conviction petition for failure to comply with Wyoming's procedural rules. Under Wyo. Stat. § 7-14-101(b), "[a]ny

person serving a felony sentence in a state penal institution" may file a post-conviction petition to assert that "a substantial denial of his rights under the constitution of the United States" occurred "in the proceedings which resulted in his conviction." This section "clearly confines the [state] courts' role under the post-conviction relief act to those proceedings that result in a conviction." Harlow v. Wyoming, 105 P.3d 1049, 1062 (Wyo. 2005). Section 7-14-102(a) and (b) set out the required contents of a petition for post-conviction relief.

Section 7-14-103 establishes two other procedural rules relevant to Fuller's petition. First, a claim may not be raised in post-conviction proceedings if it could have been, but was not, raised on direct appeal. § 7-14-103(a)(i). Second, a claim may not be raised in post-conviction proceedings if it was decided on direct appeal from the conviction. See § 7-14-103(a)(iii). Section 7-14-103(b)(ii) provides an exception to the bar under (a)(i), allowing post-conviction review of claims that were not raised on direct appeal if "[t]he court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal." But there is no exception allowing for post-conviction review of claims barred under (a)(iii) because they were decided on direct appeal. See generally § 7-14-103(b).

Fuller has raised the same six claims throughout his state and federal post-conviction proceedings. He asserts:

> I. Appellant Was Denied Constitutionally Effective Assistance of
> Appellate Counsel On . . . Separate And Distinct Grounds Where:

1. Appellate Counsel Either Ignored, Or Totally Failed to Investigate The Trial Record In Which There Were Obvious Constitutional Violations Causing The Illegal Conviction Of Petitioner;

2. Appellate Counsel Totally Failed, And Made No Attempt To Locate or Consult With Appellant Prior To Making An Appeal;

3. Appellate Counsel Failed To Present Any Claim For Which Appellant Was Totally Innocent Of Having Committed Any Crime;

4. Appellate Counsel Failed To Investigate And/Or Present A Claim On Appeal For Obvious Prosecutorial Misconduct Due To: The Knowledgeable Use of False Testimony By Prosecution Witnesses To Illegally Obtain A Conviction.

II. There Was Prosecutorial Misconduct On Two Grounds To Illegally Obtain Petitioner's Conviction By:

1. Knowingly Seeking And Obtaining Prosecution Witnesses To Present False, Unqualified, And Perjured Testimony Required To Obtain Petitioner's Conviction Illegally.

2. Knowing That False Testimony Had Been Presented, The Prosecution: Vouched For The Truthfulness Of Perjured Testimony; Failed To Bring It To The Court's Attention; And/Or Correct The Perjured And False Testimony.

The state court concluded that issues (I)(1) and (I)(2) challenged appellate proceedings generally and not the "proceedings which resulted in [his] conviction," and therefore applied the procedural bar in § 7-14-101(b). The state court also held that issue (I)(3) asserted that appellate counsel was ineffective for failing to raise the

-5-

claim of actual innocence, a claim that was raised and decided on direct appeal, and therefore was procedurally barred under § 7-14-103(a)(iii).

Because issues (I)(4), (II)(1), and (II)(2) related to alleged prosecutorial misconduct at trial, the state court concluded that issue (I)(4)—alleging that appellate counsel provided ineffective assistance by failing to raise prosecutorial misconduct on direct appeal—was "indistinguishable" from issues (II)(1) and (II)(2).[1] It acknowledged that the exception in "§ 7-14-103(b)(ii) will allow the Court to reach the merits of that contention [i.e., prosecutorial misconduct], if the Court determines that Petitioner's appellate counsel was ineffective for failing to raise it." Without expressly making that threshold determination, the state court proceeded to consider Fuller's petition for post-conviction relief as it related to his contention in issues (II)(1) and (II)(2), that the prosecution knowingly presented false testimony during trial. However, the state court rejected the matter as procedurally barred, stating that "Petitioner's presentation of his prosecutorial misconduct claim fails to comply with . . . [§] 7-14-102(a) and (b). He does not identify the allegedly false testimony [or] . . . present any evidence showing that any of the evidence was false."

---

[1] In our order granting COA, we noted that Fuller's arguments related to issue (I)(4) actually addressed his arguments in issues (II)(1) and (II)(2), and we granted COA on issues (II)(1) and (II)(2). We therefore expand the grant of COA to include issue (I)(4).

In its brief in this court, the state specifically noted the state court's reliance on § 7-14-102(a) and (b).[2] Yet Fuller has never advanced an argument—not even in the reply brief he filed after we granted a COA on issues (II)(1) and (II)(2)—that § 7-14-102 is not an independent and adequate state procedural ground. Nor does he claim that he can show cause for his procedural default in his post-conviction petition. Fuller did argue in his reply brief that the state court misapplied § 7-14-102 by requiring him to identify the allegedly false testimony in his post-conviction petition. But we are not authorized to decide whether the state court's reliance upon § 7-14-102 was proper, because "[a] federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quotation omitted). Due to Fuller's failure to challenge the state court's application of § 7-14-102 to issues (II)(1) and (II)(2) in a manner relevant to federal habeas review, we conclude that Fuller has waived any challenge to this state procedural bar on grounds cognizable in habeas. See Fairchild, 579 F.3d at 1141.

Our enforcement of the procedural bar in § 7-14-102 to Fuller's claims of trial-level error supports the district court's procedural dismissal of his habeas

---

[2] It is immaterial that the state did not raise the state court's application of the procedural bars in Wyo. Stat. §§ 7-14-101 and 7-14-102 in the district court, because a federal habeas court "may raise the state procedural bar defense sua sponte" in the interest of comity, judicial efficiency, and protecting scarce federal judicial resources. Hardiman v. Reynolds, 971 F.2d 500, 504 (10th Cir. 1992) (emphasis omitted).

petition as a whole. Fuller asserted his claim of ineffective assistance of appellate counsel in issue (I)(4) in order to gain review of his defaulted claims of prosecutorial misconduct at trial, issues (II)(1) and (II)(2). See Trevino, 133 S. Ct. at 1917. As shown above, the state court used issue (I)(4) as a portal to review his claims of trial-level error in issues (II)(1) and (II)(2). But issue (I)(4) played no further role in the state court's analysis, and neither does it offer a separate basis for habeas relief in federal court.

Fuller's claims of ineffective assistance of appellate counsel in issues (I)(1) and (I)(2) likewise offer no independent basis for relief. The state court viewed issues (I)(1) and (I)(2) as stand-alone claims of ineffective assistance of appellate counsel that were "not cognizable" in post-conviction proceedings because these issues did not allege trial error. The federal district court also held that issues (I)(1) and (I)(2) were not cognizable in state post-conviction proceedings for the same reason. We conclude that the characterization of issues (I)(1) and (I)(2) as "stand-alone" ineffective assistance of appellate counsel claims is unduly narrow. Although those issues refer to perceived deficiencies in appellate counsel's conduct on direct appeal, read in context with the rest of Fuller's petition, issues (I)(1) and (I)(2) clearly link the claimed deficiencies to Fuller's overarching claim that counsel was ineffective in failing to argue Fuller's claims of prosecutorial misconduct at trial. But this closer reading of issues (I)(1) and (I)(2) does not help Fuller. Issues (I)(1) and (I)(2) are duplicative of (I)(4), in that they serve no purpose except as a portal for

the state court's review of the underlying claims of prosecutorial misconduct and thus also offer no independent basis for habeas relief.

All that remains is issue (I)(3), alleging that appellate counsel provided ineffective assistance by failing to argue Fuller's actual innocence. The state court noted that Fuller's counsel raised an actual innocence claim on direct appeal, and thus Fuller could not raise the same issue again on post-conviction review. See § 7-14-103(a)(iii). Our previous order did not grant a COA on this issue, and we now deny a COA. To obtain a COA, Fuller must show that "jurists of reason would find it debatable whether the [§ 2254] petition states a valid claim of the denial of a constitutional right." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). However, "a claim of 'actual innocence' is not itself a constitutional claim, but [is] instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). Fuller did not assert an underlying constitutional claim relating to issue (I)(3). Accordingly, he cannot meet the standard for obtaining a COA.

### III

We expand the grant of a COA to include Fuller's issue (I)(4). We **DENY** a COA on his issue (I)(3). The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-9-