FILED
United States Court of Appeals
Tenth Circuit

December 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES R. DAWSON, JR.,

      Petitioner - Appellant,

v.

COLORADO,

      Respondent - Appellee.

No. 15-1287
(D. Colorado)
(D.C. No. 1:15-CV-01512-LTB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **BRISCOE**, and **MORITZ**, Circuit Judges.

James R. Dawson Jr., a Colorado state prisoner proceeding pro se, applied for

relief under 28 U.S.C. § 2241 in the United States District Court for the District of

Colorado.  The district court dismissed his application and denied a certificate of

appealability (COA).  He now seeks a COA under 28 U.S.C. § 2253(c)(1)(A).  *See*

*Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000) (state prisoner must obtain a

COA to appeal denial of habeas application under 28 U.S.C. § 2241).  We deny a COA

and dismiss the appeal.

In 1992 Mr. Dawson was convicted of second-degree murder, attempted second-degree murder, and heat-of-passion assault in Colorado state court. At a pretrial hearing the court had ordered that blood and urine samples be obtained from him to test for drugs and alcohol in support of potential defenses, but that evidence was lost or destroyed by law enforcement before it could be used at trial.

After the conviction Colorado enacted a statute providing that "[a] court granting a motion for hearing pursuant to [Colo. Rev. Stat. § 18-1-412, which sets forth the procedure for a prisoner to apply for DNA testing,] shall order the appropriate law enforcement agency to preserve existing biological evidence for DNA testing." Colo. Rev. Stat. § 18-1-414(2)(a) (2003) (amended 2008). The statute further requires the court to "set a hearing to determine whether a remedy is warranted" if "a law enforcement agency, through negligence, destroys, loses, or otherwise disposes of biological evidence that is the subject of an order pursuant to this subsection (2) before the evidence may be tested." *Id.* § 18-1-414(2)(b).

Mr. Dawson filed a motion under § 18-1-414(2)(b) in Colorado state court, seeking a hearing to determine whether he was entitled to a remedy for the loss or destruction of the blood and urine samples. The trial court denied the motion on the ground that the statute applied only to evidence ordered preserved for DNA testing. The Colorado Court of Appeals affirmed and the Colorado Supreme Court denied his petition for a writ of certiorari. Mr. Dawson then filed state postconviction petitions for relief, arguing that the court's failure to grant him a hearing under § 18-1-414(2)(b) violated due

process, equal protection, the federal Ex Post Facto Clause, and Colorado law. The Colorado courts denied his petitions.

Mr. Dawson then filed his application under 28 U.S.C. § 2241. It alleged that the denial of his motion for a hearing under Colo. Rev. Stat. § 18-1-414 violated the Equal Protection, Due Process, and Ex Post Facto Clauses.

To obtain a COA a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." *Montez*, 208 F.3d at 869. Review under § 2241 is available only if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Mr. Dawson has failed to state a claim cognizable in a § 2241 action. He is challenging only the constitutionality of a state postconviction procedure, not the constitutionality of his conviction. Under our precedents such a challenge is not proper in habeas proceedings. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings"); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). No reasonable jurist could debate whether Mr. Dawson's § 2241 application ought to have been granted.

3

We DENY Mr. Dawson's request for a COA and DISMISS his appeal. We GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge