**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMA LAMAR SULLIVAN,

     Petitioner - Appellant,

v.

H. A. RIOS, Warden, Lawton Correctional
Facility,

     Respondent - Appellee.

No. 15-6179
(D.C. No. 5:15-CV-00067-M)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Delma Lamar Sullivan, an Oklahoma state prisoner, applied for relief under 28

U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma.

The district court dismissed his application. He now seeks a certificate of appealability

(COA). *See* 28 U.S.C. § 2253(c)(1)(A) (state prisoner must obtain a COA to appeal

denial of § 2254 application). We deny a COA and dismiss the appeal because his

application challenges only the conduct of his state postconviction proceedings.

In 1995 Mr. Sullivan was convicted by an Oklahoma jury of first-degree malice

murder and was sentenced to life imprisonment. Eighteen years later he obtained a

favorable affidavit from a codefendant and sought postconviction relief in state court.

The state district court denied relief and the Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Mr. Sullivan's attorney then filed his § 2254 application, describing it as "an appeal" from the OCCA decision. Aplt. App. at 5. It alleged that the denial of his postconviction application violated his constitutional right to due process because the Oklahoma court erred in applying federal and state law to determine whether his codefendant's affidavit was newly discovered evidence. The federal district court dismissed the application on the grounds that it failed to state a cognizable claim and was time-barred.

To obtain a COA a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). Relief under § 2254 is available if the applicant is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

We need not consider the timelines of Mr. Sullivan's application because he has failed to state a claim cognizable in a § 2254 action. He challenges only the constitutionality of a state postconviction proceeding, not the constitutionality of his conviction. Under our precedents such a challenge is not proper under § 2254. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("the district court did not err in

2

dismissing claims that related only alleged errors in the post-conviction proceedings"); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). No reasonable jurist could debate whether Mr. Sullivan's § 2254 application ought to have been granted.

We **DENY** Mr. Sullivan's request for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge