**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SIDNEY J. CLARK, JR.,

     Petitioner - Appellant,

v.

SAM CLINE, Warden; D. SCHMIDT,
Attorney General of the State of Kansas,

     Respondents - Appellees.

No. 16-3240
(D.C. No. 5:15-CV-03199-SAC-DJW)
(D. Kan.)
_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Sidney Clark, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to challenge the dismissal of his 28 U.S.C. § 2254 petition. We deny a COA

and dismiss the appeal.

**I**

     Clark was convicted of rape and aggravated burglary in Kansas state court in

1984. He was sentenced to concurrent prison sentences of 45 years to life, and 15 to 60

years. His conviction and sentence were affirmed by the Kansas Supreme Court in 1985.

On March 26, 1997, Clark filed a motion for relief in Kansas state court, which was

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied on April 4, 1997. He then filed a motion to alter judgment on April 22, 1997. That motion was dismissed on March 9, 1998. The evidence in the record indicates that Clark sought no further relief until 2013.

In August 2015, Clark filed a § 2254 habeas petition in the U.S. District Court for the District of Kansas, asserting that new DNA testing cleared him of the rape charge. He also appeared to challenge the constitutionality of certain conduct during the trial, including the use of a prior rape conviction from Texas as evidence against him. The district court dismissed Clark's petition as time-barred and denied a COA. Clark filed a timely application for a COA with this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). If a habeas petition is disposed of on procedural grounds, we will issue a COA only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2254 petitions must generally be filed within one year from the date a conviction becomes final. See § 2244(d)(1)(A). However, Clark's conviction became final before the passage of AEDPA; thus, he had one year from AEDPA's effective date—April 24, 1996—to file a federal habeas petition, exclusive of any time tolled during the pendency of state post-conviction proceedings. Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th

2

Cir. 1998); § 2244(d)(2). Even assuming Clark's 1997 state court motions tolled the limitations period until March 1998, his 2015 habeas petition was clearly time-barred.

Although the petition was untimely, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). A petitioner claiming actual innocence must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). In light of this evidence, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

The district court correctly concluded that the new DNA evidence presented by Clark fails to clear this high hurdle. The only evidence in the record of DNA testing is a January 2010 report from the DNA Diagnostics Center, which analyzed a sample of Clark's DNA against three samples presumably taken as evidence in the rape case. No male DNA was obtained from two of the samples tested, and only a partial DNA profile was obtained from the third. That profile was "consistent with the DNA profile obtained from Sidney Clark." Thus, the Diagnostics Center concluded:

> Sidney Clark (item 04.A.1) cannot be excluded as a contributor to the partial DNA profile obtained from item 01.B.1s (section of swab from vaginal smear-sperm fraction). The probability of selecting an unrelated individual at random from the population having a DNA profile matching

3

the partial DNA profile obtained from item 01.B.1s . . . is approximately 1 in 1,070,000 individuals.

These results do not support the conclusion that Clark is actually innocent. Accordingly, the district court properly dismissed his habeas petition as time-barred.

## III

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge

4