FILED
United States Court of Appeals
Tenth Circuit

May 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ADRIAN ADAM TARKINGTON,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondents - Appellees.

No. 19-6039
(D.C. No. 5:18-CV-00632-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Adrian Tarkington requests a certificate of appealability ("COA") to appeal the

dismissal of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the

appeal.

**I**

Tarkington was convicted of two counts of indecent acts with a child under

sixteen in Oklahoma state court. He was sentenced to fifteen years' imprisonment.

On November 17, 2015, the OCCA affirmed his convictions and sentence.

Tarkington filed an application for state post-conviction relief on November 10,

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2016. The trial court struck his application for failure to comply with court rules on October 27, 2017. Tarkington filed a new application on November 6, 2017, which was denied. The OCCA affirmed that denial on June 12, 2018.

Tarkington filed a § 2254 petition in federal district court on June 27, 2018. The state moved to dismiss the petition as time-barred. A magistrate judge recommended that motion be granted. The district court dismissed the petition over Tarkington's objections. Tarkington filed a timely notice of appeal.

## II

Tarkington may not appeal the district court's denial of habeas relief under § 2254 without a COA. § 2253(c)(1). Because the district court dismissed Tarkington's petition on procedural grounds, we will issue a COA if he can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Section 2254 petitions generally must be filed within one year from the date a conviction becomes final. § 2244(d)(1)(A). Tarkington's conviction became final on February 15, 2016, when his deadline to file a petition for writ of certiorari with the Supreme Court expired. See Fleming v. Evans, 481 F.3d 1249, 1257-58 (10th Cir. 2007). His petition, filed in June 2018, was untimely absent tolling.

"The time during which a properly filed application for State post-conviction" relief is pending is excluded from the filing period. § 2244(d)(2). However, the

2

district court concluded that Tarkington's first application for state post-conviction relief did not toll the clock because it was not properly filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . ." (quotation omitted)). It also concluded Tarkington was not entitled to equitable tolling for the period that application was pending. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Tarkington's second application was filed after the limitations period had expired and so did not toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Tarkington fails to address these rulings in his combined opening brief and request for a COA, and thus waives any challenge to them. See Toevs v. Reid, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived" and this rule applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings." (citations omitted)). Instead, he contends his petition is not time-barred because he is actually innocent. See Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010) ("[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated

3

cause for the failure to bring these claims forward earlier.").  A petitioner claiming actual innocence must come forward "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  In light of this evidence, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id. at 327.  Tarkington fails to adduce evidence meeting this high standard.

**III**

For the foregoing reasons, we **DENY** Tarkington's request for a COA and **DISMISS** the appeal.  We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge