FILED
United States Court of Appeals
Tenth Circuit

July 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK JOSEPH BROWN,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee.

No. 19-4028
(D.C. No. 2:17-CV-00826-TS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Frank Brown seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 motion. We deny a COA and dismiss.

**I**

Brown pled guilty to one count of attempted child kidnapping in Utah state

court. He was sentenced to an indeterminate prison term of three years to life on

February 12, 2016. Brown did not appeal or seek state post-conviction review.

On July 20, 2017, Brown filed his federal habeas petition, alleging a variety of

claims including pre-plea constitutional violations, ineffective assistance of counsel,

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and actual innocence. The district court dismissed his petition as untimely and denied a COA.

## II

Brown may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed Brown's petition on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Jurists of reason would not find debatable the district court's determination that Brown's § 2254 motion was untimely. Brown's conviction became final and the one-year limitations period began to run at "the expiration of the time for seeking [direct] review." § 2244(d)(1)(a). Under Utah law, March 14, 2016, was the date on which his time to file a direct appeal expired. See Utah R. App. P. 4(a) ("the notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."). But Brown filed his habeas petition on July 20, 2017, more than four months after the limitations period had expired. Accordingly, the district court correctly concluded Brown's petition was untimely.

Brown contends his petition is not time-barred because he is actually innocent. See Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010) ("[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier."). To establish actual innocence, Brown must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). And in light of this evidence, Brown "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. Brown fails to adduce evidence meeting this high standard, and he advances no other arguments suggesting his petition is timely.[1]

### III

We **DENY** Brown's request for a COA and **DISMISS** this matter.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] To the extent Brown argues in his request for a COA that his petition is timely because of newly discovered evidence, see § 2244(d)(1)(D), that contention fails. Brown does not address the district court's determination that the evidence he discusses was either available before his plea or is irrelevant, as in the case of the investigatory evidence refuting assertions that Brown was involved in a sexual relationship with the kidnap victim.