FILED
United States Court of Appeals
Tenth Circuit

August 5, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

APRIL ROSE WILKENS,

Petitioner - Appellant,

v.

MILLICENT NEWTON-EMBRY,
Warden,

Respondent - Appellee.

No. 07-5172

(N.D. Oklahoma)

(D.C. No. 4:02-CV-00244-TCK-SAJ)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

On April 28, 1998, April Rose Wilkens killed her former fiancé, Terry

Carlton. At her jury trial for first-degree murder in Oklahoma state court,

Ms. Wilkens admitted to shooting and killing Carlton but claimed that she had

done so in self-defense. She testified that she had shot him only as he was

coming toward her, after he had beaten, raped, and handcuffed her. In support of

her defense she put on evidence that she had suffered from battered-woman-

syndrome (BWS), introducing evidence of physical abuse throughout her three-

year relationship with Carlton and presenting expert testimony.

The jury convicted Ms. Wilkens and she was sentenced on July 7, 1999, to

life in prison. The Oklahoma Court of Criminal Appeals (OCCA) affirmed her

conviction. On April 2, 2002, she filed in the United States District Court for the Northern District of Oklahoma an application for relief under 28 U.S.C. § 2254. The district court stayed proceedings to give her an opportunity to exhaust some of her claims. When the OCCA denied her postconviction claims, the district court considered the § 2254 application and denied relief. Ms. Wilkens now seeks a certificate of appealability (COA) to appeal that decision. *See id.* § 2253(c) (requiring COA to appeal denial of application). We deny her request for a COA and dismiss this appeal.

Ms. Wilkens's § 2254 application raised claims of ineffective assistance by both her trial and appellate counsel. She claimed that her trial counsel was ineffective because he failed (1) to conduct a proper investigation to support her BWS defense, (2) to present testimony from a qualified BWS expert, (3) to request a jury instruction for manslaughter, (4) to present evidence to the trial court that she had been coerced into making a statement, (5) to object to the introduction of a statement made before she received *Miranda* warnings, (6) to offer into evidence an unexecuted bench warrant for Carlton's arrest, (7) to present the results of a urinalysis showing that she was free of drugs when arrested for the killing, and (8) to impeach Officer Laura Fadem with a transcript of her in camera testimony. Ms. Wilkens claimed that appellate counsel was ineffective in not raising on appeal her ineffectiveness-of-trial-counsel claims 1, 2, 6, 7, and 8. In this court Ms. Wilkens challenges only the denial of her claims

1, 2, and 3, and the claims of ineffective assistance of appellate counsel associated with claims 1 and 2.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an

overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). As we have stated:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations and internal quotation marks omitted). When claims are adjudicated on the merits in the state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir .2004).

With respect to her first claim, Ms. Wilkens contends that her trial counsel was ineffective for failing to contact her former attorneys and obtaining various evidence that Carlton had abused her, including an audiotape in which Carlton admits to beating and raping her. The OCCA ruled this claim procedurally barred because she had not raised it on direct appeal. *See* Okla. Stat. tit. 22, § 1089(C) ("[t]he only issues that may be raised in an application for post-conviction relief are those that . . . [w]ere not and could not have been raised in a direct appeal."). It also rejected her claim of ineffective appellate counsel, which could be a basis for overcoming the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (applicant can overcome procedural bar if she can demonstrate cause and prejudice, or a fundamental miscarriage of justice). The district court liberally construed Ms. Wilkens's § 2254 application as raising a claim of ineffective assistance of appellate counsel to overcome the procedural bar. After a thorough analysis of the evidence presented at trial, the court concluded:

> The jury was presented with ample evidence of battering by
> Mr. Carlton and police testimony regarding domestic abuse calls
> concerning [Ms. Wilkens] and Mr. Carlton. Because trial counsel's

performance was not deficient, appellate counsel was not ineffective for omitting these claims of ineffective assistance of trial counsel on direct appeal.

*Wilkens v. Newton-Embry*, No. 02-CV-244-TCK-SAJ, slip op. at 26 (N.D. Okla. Nov. 5, 2007).  No reasonable jurist could debate that the district court was correct in this ruling.

Next, Ms. Wilkens contends that trial counsel was ineffective for failing to present adequate testimony from a qualified BWS expert and that appellate counsel was ineffective for failing to raise this ineffectiveness issue on direct appeal.  In both her application for postconviction relief before the OCCA and her § 2254 application in federal district court, Ms. Wilkens challenged only the qualifications of defense expert Dr. John Call.  Both courts found the claim unfounded.  *See Wilkens v. State*, No. PC-2003-1002, slip op. at 5 (Okla. Crim. App. Aug. 2, 2004) (post-conviction order); *Wilkens*, No. 02-CV-244-TCK-SAJ, slip op. at 12–13.  Ms. Wilkens now acknowledges in her brief to us that Dr. Call was qualified to present BWS testimony.  She maintains, however, that trial counsel was ineffective in putting on an expert who "failed to opine that my belief that I had to use deadly force to protect myself from Terry Carlton could be considered reasonable based on my circumstances and viewed from my perspective."  Aplt. Br. at 33–34.  And, she adds, appellate counsel was ineffective in not raising this issue on direct appeal.  We doubt that this claim has been exhausted (in state court) or preserved (in federal district court).  But in any

event, it has no merit.  We have reviewed Dr. Call's testimony.  If credited by the jury, it would have strongly supported Ms. Wilkens's BWS theory.  The problem was that the facts of the case enabled the prosecution to conduct an effective cross-examination of Dr. Call.  Trial counsel for Ms. Wilkens was not ineffective in this respect, and appellate counsel had no basis to claim ineffective assistance.  No reasonable jurist could debate that the district court's decision regarding the use of Dr. Call was an unreasonable application of clearly established federal law.

Finally, Ms. Wilkens contends that trial counsel was ineffective for failing to request a manslaughter jury instruction.  On direct appeal the OCCA held that "trial counsel was not ineffective for failing to request a jury instruction on first degree manslaughter as such an instruction was not warranted by the evidence." *Wilkens v. State*, No. F-99-927, slip op. at 2 (Okla. Crim. App. April 3, 2001).  We have no ground for rejecting the OCCA's determination that the proposed instruction was not supported by the evidence.  The OCCA is the final arbiter of what Oklahoma law requires.  And Ms. Wilkens has not rebutted the factual basis for the OCCA's determination by clear and convincing evidence.  *See* § 2254(e)(1).  We therefore accept the determination that Ms. Wilkens was not entitled to a manslaughter instruction.  Failure of counsel to request that instruction therefore could not be ineffective assistance of counsel.  *See United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (appellate counsel's failure to raise meritless issue on appeal does not constitute ineffective assistance).

-7-

We DENY a COA and DISMISS the appeal.  We DENY all pending motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge