FILED
United States Court of Appeals
Tenth Circuit

December 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT G. SAVAGE,

      Petitioner-Appellant,

v.

JASON BRYANT, Warden,

      Respondent-Appellee.

No. 15-6185
(D.C. No. 5:14-CV-00764-HE)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Three young girls (whom we refer to as O.S., M.S., and A.H.) accused Mr. Kent Savage of sexual misconduct. These accusations led to a state court conviction of Mr. Savage on charges of indecent or lewd acts with a child under 16, first-degree rape by instrumentation, and exhibition of obscene material to a minor child. Mr. Savage unsuccessfully sought habeas relief in federal district court. Seeking to appeal, Mr. Savage requests a certificate of appealability. The Court denies this request and dismisses the appeal.

**1. We can issue a certificate of appealability only if Mr. Savage's appeal points are reasonably debatable.**

To justify a certificate of appealability, Mr. Savage must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This showing exists only if reasonable jurists could regard the district court's disposition as debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

We apply this standard against the backdrop of Mr. Savage's underlying burden to justify habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that when deciding whether to grant a certificate of appealability, the court "look[s] to the District Court's application of [the Antiterrorism and Effective Death Penalty Act] to petitioner's constitutional claims and ask[s] whether that resolution was debatable amongst jurists of reason"). This burden is steep where, as here, the state appeals court has rejected the claim on the merits. In that circumstance, the petitioner must show that the state appeals court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2012).

**2. Mr. Savage has not presented a reasonably debatable appeal point under the Confrontation Clause.**

The three young accusers testified at the trial. According to Mr. Savage, the state trial court violated the right of confrontation by allowing the three girls to testify about out-of-court statements. The federal district

2

court rejected this claim, and Mr. Savage's appeal point is not reasonably debatable.

The Supreme Court has held that the right of confrontation is not violated when

- a declarant testifies about out-of-court statements as a witness and

- the declarant is "subject to full and effective cross-examination."

*California v. Green*, 399 U.S. 149, 158 (1970). As the district court explained, the three girls testified at the trial and underwent cross-examination by Mr. Savage's counsel.

In light of this opportunity for cross-examination, the state appeals court rejected Mr. Savage's argument on the merits. Thus, if we were to entertain an appeal on this issue, we could reverse the denial of habeas relief only if the state appeals court's decision contradicted or unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2012). Under this rigorous standard, Mr. Savage's appeal point is not reasonably debatable.

Mr. Savage concedes that the girls were available for trial, but argues that they could not be cross-examined because they

- were unable to remember what had happened or

- refused to testify.

3

The alleged memory loss would not support habeas relief, for the Supreme Court has never held that a witness's memory lapse constitutes an inability to cross-examine. *See United States v. Owens*, 484 U.S. 554, 559 (1988) (holding that the opportunity for cross-examination is not denied, for purposes of the Confrontation Clause, when a witness testifies about a current belief but cannot remember the reasons for that belief); *see also United States v. McHorse*, 179 F.3d 889, 900 (10th Cir. 1999) ("Neither we nor the Supreme Court . . . has ever held that a witness' lack of recollection does not constitute an inability to cross-examine.")

In addition, Mr. Savage contends that the girls made themselves unavailable for cross-examination by refusing to testify. But all of the girls did testify. Before the trial, O.S. and M.S. had said they would not testify, but both girls did eventually testify. In the absence of any refusal to testify during the trial, no reasonable jurist could question the district court's ruling based on a conflict with Supreme Court precedent.

As a result, we decline to issue a certificate of appealability on this issue.

**3.   Mr. Savage has not presented a reasonably debatable appeal point based on insufficiency of the evidence.**

Mr. Savage contends that without the girls' out-of-court statements, the evidence of guilt would have been insufficient. But, as discussed above, the Court has no reason to disregard the girls' out-of-court

4

statements. And with them, Mr. Savage does not question the sufficiency of the evidence. As a result, we decline to issue a certificate of appealability on this issue.

**4.      Mr. Savage has not presented a reasonably debatable appeal point based on denial of the opportunity to present a defense.**

The accusations against Mr. Savage involved sexual abuse in Oklahoma. Before O.S. moved to Oklahoma, she had lived in Florida. Mr. Savage's attorney wanted to present evidence involving O.S.'s life in Florida. According to Mr. Savage, this evidence would have shown that O.S. had suffered sexual abuse and "acted out" before moving to Oklahoma.

The trial court excluded this evidence as irrelevant, and the state appeals court upheld the ruling. In the habeas petition, Mr. Savage claimed that the exclusion of evidence had denied him the opportunity to present a defense. The federal district court could grant habeas relief only if the state appeals court's decision contradicted or unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2012). The federal district court rejected the habeas claim. In our view, that decision is not reasonably debatable; and we decline to issue a certificate of appealability on this issue.

**5.    Mr. Savage has not presented a reasonably debatable appeal point based on erroneous introduction of expert testimony.**

In addition, Mr. Savage claimed in the habeas petition that the state trial court had erroneously allowed expert testimony by Susan Rider and John Minton. Ms. Rider had interviewed two of the girls (O.S. and A.H.), and Mr. Minton had interviewed the third girl (M.S.). At trial, Ms. Rider and Mr. Minton were allowed to testify that children often recant accusations of misconduct. In appealing the conviction, Mr. Savage claimed that this testimony had constituted an evidentiary harpoon. The state appeals court rejected this appeal point, reasoning that the opinions had been elicited by Mr. Savage's counsel in his questioning.

If we were to entertain an appeal, we could reverse only if the state appeals court's decision contradicted or unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2012). The federal district court concluded that Mr. Savage had not satisfied that burden. In our view, that conclusion is not reasonably debatable; as a result, we decline to issue a certificate of appealability on this issue.

**6.    Mr. Savage has not presented a reasonably debatable appeal point based on ineffective assistance of trial counsel.**

In the habeas petition, Mr. Savage claimed that trial counsel had been ineffective in failing to object to expert testimony by Ms. Rider and Mr. Minton. To prevail, Mr. Savage needed to show that the state appeals court had contradicted or unreasonably applied Supreme Court precedent.

6

28 U.S.C. § 2254(d)(1) (2012). Under Supreme Court precedent, Mr. Savage needed to show that trial counsel's failure to object was unreasonable and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984).

On direct appeal, the state appeals court held that the lack of an objection was not prejudicial, reasoning in part that the testimony was admissible. Relying in part on this holding, the federal district court denied habeas relief.

The state appeals court is the final arbiter of admissibility under state law. *See Wilkens v. Newton-Embry*, 288 F. App'x 526, 530 (10th Cir. 2008) ("The OCCA is the final arbiter of what Oklahoma law requires."). In light of that court's decision that the underlying testimony was admissible under state law, a trial objection would likely have proven futile. In these circumstances, any reasonable jurist would conclude that the state appeals court's decision constituted a reasonable application of Supreme Court precedent. As a result, we decline to issue a certificate of appealability on this issue.

**7.    Mr. Savage has not presented a reasonably debatable appeal point based on cumulative error.**

Finally, Mr. Savage alleges cumulative error. The federal district court rejected this allegation, reasoning that none of the constitutional claims were valid. In our view, this conclusion was not reasonably

7

debatable. As a result, we decline to issue a certificate of appealability on this issue.

**8.    Mr. Savage has not presented a reasonably debatable appeal point based on a failure to properly consider state evidence law.**

Mr. Savage also contends that the district court improperly applied state evidence law regarding hearsay testimony by children who allege abuse. To obtain a certificate of appealability, however, Mr. Savage must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Mr. Savage's contention fails because his argument about state evidence law, even if true, would not establish the denial of a federal constitutional right.

Oklahoma law generally prohibits hearsay testimony, but an exception allows out-of-court statements by children 12 and under who claim that they have been abused. Oklahoma Evidence Code, Okla. Stat. tit. 12 § 2802, 2803.1(A) (2011). Under this exception, the out-of-court statements are admissible if the child testifies, is available to testify, or is unavailable. Oklahoma Evidence Code, Okla. Stat. tit. 12 § 2803.1(A)(2), (A)(2)-(3) (2011). A child is considered "unavailable" for purposes of this exception if unable to testify because of an inability to remember what happened. *See* Okla. Stat. tit. 12 §§ 2803.1(A)(2), 2804(A)(3) (2011).

Applying this exception, the state trial court allowed introduction of out-of-court statements by the three girls. The state appeals court upheld

the trial court's ruling, determining that the girls were available to testify for purposes of Oklahoma evidence law. The federal district court characterized the appeals court's decision as a factual finding and presumed under federal law that this finding was correct. *See* 28 U.S.C. § 2554(e)(1) (2012).

Mr. Savage argues that the girls were unavailable because during the trial, they could not remember what had happened. Because the girls were effectively unavailable during the trial, Mr. Savage maintains, the use of the out-of-court statements violated his right to confrontation.

This argument fails because it conflates "availability" for purposes of the Oklahoma hearsay exception with "availability" for purposes of the Confrontation Clause. For the sake of argument, we may assume that Mr. Savage is correct that

- the girls were "unavailable" for purposes of Oklahoma evidence law and

- the state appeals court erred by holding otherwise.

To obtain a certificate of appealability, Mr. Savage would still need to make a substantial showing of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2002). Thus, a certificate of appealability is unavailable when the claim rests on state law rather than the U.S. Constitution. *Lopez v. Trani*, 628 F.3d 1228, 1231-32 (10th Cir. 2010). And we have already concluded that introduction of the girls' out-of-court

9

statements did not violate the Confrontation Clause. The designation of these witnesses as either "available" or "unavailable" under Oklahoma evidence law does not bear on the constitutional issue.

At most, Mr. Savage's reliance on the Oklahoma evidence code suggests a misapplication of Oklahoma state law, not denial of a federal constitutional right. Thus, we decline to issue a certificate of appealability based on the federal district court's consideration of state evidence law.

## 9.   Disposition

We deny a certificate of appealability. Because the certificate is necessary for Mr. Savage to appeal, we dismiss the appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (stating that a certificate of appealability is a jurisdictional requirement for a state prisoner to appeal from the denial of habeas relief).

Entered for the Court


Robert E. Bacharach
Circuit Judge

10