**UNITED STATES COURT OF APPEALS**

**August 26, 2013**

**TENTH CIRCUIT**

RUDOLPH MARTIN CHAVEZ,

Petitioner–Appellant,

v.

WARDEN TRAVIS TRANI; THE
ATTORNEY GENERAL FOR THE
STATE OF COLORADO,

Respondents - Appellees.

No. 13-1027
(D.C. No. 1:12-CV-01039-LTB)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Rudolph Martin Chavez, a Colorado prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas petition as time-barred.  We deny a COA and dismiss the appeal.

**I**

In 2003, Chavez was convicted of two counts of aggravated robbery as well as several theft and menacing counts.  He was sentenced to a total of thirty years' imprisonment and five years of parole.  The Colorado Court of Appeals affirmed Chavez's conviction and on November 28, 2005, the Colorado Supreme Court denied certiorari review.

Chavez filed a motion for sentence reconsideration under Colo. R. Crim. P. 35(b) on April 3, 2006, which was denied by the trial court on March 29, 2007.  Chavez also filed a petition for post-conviction relief under Colo. R. Crim. P. 35(c) on August 4, 2006.  The Colorado district court dismissed his petition on the merits.  Its ruling was affirmed by the Colorado Court of Appeals.  On December 2, 2008, the Colorado Supreme Court denied certiorari review of Chavez's motions under R. 35(b) and 35(c).

On June 25, 2009, Chavez filed a second petition for post-conviction relief under Colo. R. Crim. P. 35(c), which the Colorado Court of Appeals dismissed as untimely and successive on December 16, 2010.  The Colorado Supreme Court denied Chavez's petition for writ of certiorari on March 28, 2011.

Chavez filed a § 2254 habeas petition in the United States District Court for the District of Colorado on April 18, 2012, alleging Confrontation Clause violations, ineffective assistance of counsel, and due process and equal protection violations.  The

district court dismissed Chavez's petition as barred by the statute of limitations and denied a COA. Chavez filed a timely application for a COA from this court.

## II

To appeal the district court's denial of habeas relief under § 2254, Chavez must obtain a COA. § 2253(c)(1). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Accordingly, Chavez must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because Chavez proceeds pro se, we construe his filings liberally; however, we will not "assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2254 petitions generally must be filed within one year of "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Chavez's conviction became final on February 27, 2006, the last day in which he could have filed a timely petition for writ of certiorari with the United States Supreme Court. See Sup. Ct. R. 13(1). Absent any tolling of the statute of limitations, Chavez had until February 27, 2007 to file a habeas petition.

AEDPA's one-year limitations period is tolled when "a properly filed application

for State post-conviction or other collateral review" is pending. § 2244(d)(2). The limitations period had run for just over one month when Chavez filed his motion for sentence reconsideration on April 3, 2006.

Chavez filed a second petition for post-conviction relief under Colo. R. Crim. P. 35(c) on June 25, 2009, which the state court denied as untimely after concluding that Chavez's allegations of illness did not establish a justifiable excuse. Even if this petition were a "properly filed" application for state collateral review,[1] Chavez's federal habeas petition is still barred by the statute of limitations. The Colorado Supreme Court denied certiorari review of Chavez's second application on March 28, 2011, more than a year before Chavez filed a § 2254 habeas petition in the United States District Court for the District of Colorado on April 18, 2012. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (limitation period not tolled during time when petitioner could have sought writ of certiorari from United States Supreme Court to review denial of state post-conviction relief).

---

[1] In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court stated that an application for post-conviction relief was "properly filed" under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 8. The Court noted that "[t]hese usually prescribe . . . the time limits" upon delivery of an application, but declined to decide "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Id. at 8 & n.2.

On appeal, Chavez contends that his constitutional rights were violated by his counsel's failure to request DNA testing, which he asserts would exonerate him. "[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, if Chavez seeks equitable tolling of the limitations period based on a claim of actual innocence, he must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). And this evidence must make it "more likely than not that no reasonable juror would have convicted him." Id. at 327. Chavez cannot clear this high hurdle with his blanket assertion that DNA testing would exonerate him of his crimes.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Petitioner's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge


-5-