FILED
United States Court of Appeals
Tenth Circuit

May 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE L. RENTERIA,

    Petitioner - Appellant,

v.

JASON BRYANT, Warden,

    Respondent - Appellee.

No. 18-6042
(D.C. No. 5:16-CV-01333-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pro se state prisoner Jose L. Renteria[1] seeks a certificate of appealability

(COA) to appeal the district court's denial of his federal habeas petition pursuant to

28 U.S.C. § 2254.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny

Renteria's request for a COA and dismiss the appeal because Renteria cannot

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Renteria is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.

## I.

On March 16, 2011, Renteria entered a guilty plea to the crimes of First-Degree Rape and Sexual Battery. He had previously been convicted of two felonies. Renteria was sentenced to thirty-two years' imprisonment. His conviction became final on March 28, 2011.

On July 22, 2011, Renteria filed a petition for judicial review in Oklahoma district court. On December 11, 2013, he filed an application for post-conviction relief in Oklahoma district court. The district court denied Renteria's request for post-conviction relief, and the Oklahoma Court of Criminal Appeals affirmed the district court. On January 25, 2016, Renteria filed a second application for post-conviction relief in Oklahoma district court. The district court denied the request, and the Oklahoma Court of Criminal Appeals affirmed the district court.

On November 21, 2016, Renteria filed the § 2254 habeas petition underlying this appeal. Respondent-Appellee, Warden Jason Bryant, moved to dismiss the petition on the grounds that the petition was barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). The matter was referred to a United States Magistrate Judge, who issued a report and recommendation recommending that the district court grant Bryant's motion and dismiss the petition as untimely.

The report and recommendation concluded that Renteria's July 2011 state court petition for judicial review was not "properly filed" under Oklahoma law and therefore did not statutorily toll the federal habeas limitations period. ROA at 164. The report and recommendation also concluded that Renteria's December 2013 and January 2016 applications for state post-conviction relief did not toll the AEDPA limitations period because they were filed after the limitations period had expired. *Id.* Lastly, the report and recommendation concluded that Renteria did not prove that "extraordinary circumstances" existed to warrant equitable tolling, nor did he satisfy his burden to prove actual innocence. *Id.* at 169. Without any basis for statutory or equitable tolling, Renteria's deadline for filing his habeas petition was March 28, 2012. *Id.* Because Renteria did not file his petition until November 21, 2016, the Magistrate Judge recommended that dismissal of his petition was appropriate. *Id.*

The district court adopted the magistrate judge's report and recommendation, dismissed the petition, and denied Renteria a COA. *Id.* at 211–12. The district court entered judgment against Renteria by separate order. *Id.* at 214.

## II.

A state prisoner's right to appeal a denial of habeas relief is conditioned on the grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only if the prisoner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

3

*McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that either the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this appeal, Renteria contends that the district court below: (1) erred in concluding that his state application for judicial review was not "properly filed" and denying statutory tolling on that basis; (2) erred in denying equitable tolling of his petition based on attorney misconduct, actual innocence, and failure to waive the one-year limitation period pursuant to the Oklahoma Post Conviction DNA Act; and (3) erred by failing to hold an evidentiary hearing regarding further DNA testing that would allow Renteria to develop facts to support his claim of actual innocence.

Pursuant to AEDPA, petitions for writ of habeas corpus by a person in custody are governed by a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Section 2244(d)(1)(A), the only subsection at issue here, states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."

**A. Statutory Tolling**

The AEDPA one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To satisfy the

4

tolling requirements, a petitioner's application must be "properly filed," meaning "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennet*, 531 U.S. 4, 8 (2000). This court has held that "a 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief," including "the obtaining of any necessary judicial authorizations that are conditions precedent to filing . . . [and] other conditions precedent that the state may impose upon the filing of a post-conviction motion." *Habteselassie v. Novak*, 209 F.3d 1208, 1210–11 (10th Cir. 2000) (footnote omitted).

The district court held that Renteria's petition for judicial review was not "properly filed" because it was filed in violation of 22 Okla. Stat. § 982a. ROA at 207. Section 982a excludes the statutory remedy of judicial review from (1) sentences of convicted felons who have been in confinement for a felony conviction during the ten-year period preceding the date of their sentence, and (2) sentences imposed pursuant to a plea agreement unless consent from the district attorney is obtained. 22 Okla. Stat. § 982a(A)(3). Renteria was convicted of felony driving under the influence on September 19, 2005. *See* ROA at 112, 206. Further, Renteria entered a plea of guilty for the underlying offenses in this matter, and there is no indication in the record that the district attorney consented to Renteria filing the petition. *Id.* Renteria does not challenge these facts on appeal. Renteria's petition for judicial review did not satisfy the standard imposed by 22 Okla. Stat. § 982a; therefore, he has not shown that his petition was "properly filed."

5

The two applications for post-conviction relief filed by Renteria in December 2013 and January 2016, respectively, were filed outside of the one-year statute of limitations and do not qualify for statutory tolling.

No reasonable jurist would find the district court's assessment that Renteria is not entitled to statutory tolling debatable or wrong.

**B. Equitable Tolling**

The limitations period may also be equitably tolled in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2002) (quotation omitted). Equitable tolling is warranted when, for example, "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent," *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), or "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," *Gibson*, 232 F.3d at 808.

To avail himself of equitable tolling, Renteria must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Renteria makes three arguments as to why equitable tolling should apply: (1) his trial attorney failed to communicate with him, and, as a result, his guilty plea was never withdrawn; (2) he is actually innocent of the rape charge; and (3) Oklahoma's Postconviction DNA Act, 22 Okla. Stat. § 1373, waives the one-year limitation period because he has requested

6

Touch DNA Testing. Aplt. Br. at 9–11. The district court rejected each of these bases for applying equitable tolling. ROA at 208–11. We address each argument below.

As to Renteria's claim of attorney misconduct, this court has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (recognizing that an attorney's negligence or mistake is not generally a basis for equitable tolling).

Renteria had ten days from March 16, 2011 to file a motion to withdraw his guilty plea. *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2011)). As the basis for his ineffective assistance of counsel argument, Renteria asserts that, after he entered a guilty plea, his family contacted his attorney and asked him to visit Renteria because he wanted to withdraw his plea, but the attorney failed to communicate with Renteria and did not withdraw his plea. Aplt. Br. at 9.

The district court noted its doubt that Renteria had diligently pursued this argument, given that he waited nearly four years to argue that his trial counsel had been ineffective in failing to withdraw his plea. ROA at 208 n.3. Assuming that the diligent pursuit requirement was met, however, the district court held that Renteria had not shown that extraordinary circumstances prevented him from filing a timely habeas petition because he knew of the circumstances underlying the alleged attorney misconduct shortly after his conviction but did not file the habeas petition for four

7

years. *Id.* at 208. Given these circumstances, we conclude that reasonable jurists would not find the district court's determination erroneous or debatable.

Renteria also argues that he is actually innocent of rape. "[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010). Equitable tolling is warranted when the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quotation omitted). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614 (1998) (quotations omitted). To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324.

Renteria claims that his innocence is established by a forensic report that excluded him as a contributing source of DNA on the victim. Assuming that the forensic report is "new reliable evidence," the district court found that Renteria cannot show that no reasonable juror would have convicted him based on the DNA evidence because "neither of the crimes for which Petitioner was convicted required the presence of seminal fluid." ROA at 210. Furthermore, the DNA evidence does not establish that Renteria did not "(1) engage in an act of sexual intercourse with

8

someone incapable of giving legal consent through mental illness, in violation of Oklahoma's rape statute, . . . or (2) touch, maul or feel the victim's body or private parts in a lewd and lascivious manner, in violation of the sexual battery statute." *Id.* Renteria failed to show that it was more likely than not that no reasonable juror would have convicted him of the crimes for which he was convicted. For the reasons addressed by the magistrate judge and district court, we hold that no reasonable jurist would find the district court's conclusion debatable or wrong.

Lastly, to support his claim of actual innocence, Renteria asserts that his request for "Touch" DNA testing under Oklahoma's Postconviction DNA Act waives the AEDPA limitations period. To toll the one-year limitations period, a properly filed application for state post-conviction or collateral review must be pending. 28 U.S.C. § 2244(d)(2). Renteria did not request DNA testing until several years after the limitations period had expired. Furthermore, claims of actual innocence must be supported by "new reliable evidence," *Schlup*, 513 U.S. at 324, and a request for DNA testing does not qualify, *see Chavez v. Trani*, 534 F. App'x 799, 801 (10th Cir. 2013) (unpublished) (recognizing that a "blanket assertion that DNA testing would exonerate [petitioner] of his crimes" is not sufficient evidence to support a claim of actual innocence). Renteria has not provided "new reliable evidence" sufficient to waive the AEDPA limitations period.

After carefully reviewing Renteria's brief, the district court order, and the record on appeal, we conclude that Renteria has not raised an issue that warrants granting a COA. For substantially the same reasons discussed in the magistrate

9

judge's report and recommendation and the district court's order, we conclude that reasonable jurists would not debate "whether the district court was correct in its procedural ruling" that Renteria's petition is barred by the AEDPA limitations period. *Slack*, 529 U.S. at 484.

### C. Application to Proceed *In Forma Pauperis*

Renteria sought permission from the district court to proceed on his appeal *in forma pauperis*. The district court denied Renteria's application for leave to proceed *in forma pauperis*, finding that Renteria's appeal of his § 2254 petition was not taken in good faith. Renteria renewed his motion to proceed *in forma pauperis* on appeal with this court. A showing of good faith requires "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (citing *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Because Renteria did not identify a reasoned, nonfrivolous issue or supporting argument to present on appeal we deny his application to proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 446 (1962).

**III.**

Based on the foregoing, we DENY Renteria's request for a certificate of appealability, DENY his motion to proceed *in forma pauperis*, and DISMISS the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge